Ruby **MORRIS** and **M & M Bailbonding Service**, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 08–91–00237–CV.

Court of Appeals of Texas,
El Paso.

Jan. 8, 1992.

Carmen Elaine Eiker, Midland, for appellants.

Gary Garrison, Dist. Atty., Odessa, for appellee.

Before OSBORN, C.J., and WOODARD and KOEHLER, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a bail bond forfeiture judgment in the amount of $2,500.00 each. We reverse and remand.

The principal failed to appear for a pretrial hearing on August 30, 1990. The Judgment Nisi was then entered, duly followed by a trial on the merits in which the trial court entered judgment for the total amount of the bond. No witnesses were called at the trial. The Judgment Nisi and bond were entered into evidence. The trial court took judicial knowledge that the principal was again released on another bond in the same cause in the amount of $7,500.00, signed by someone named Collins, and made subsequent to the Judgment Nisi forfeiture of the first. It is not clear what, if anything else, the trial court may have taken judicial knowledge of, since there was no express statement made thereof. The surety unsuccessfully moved for a remittitur.

Points of Error Nos. One and Two allege the trial court erred in denying the request for a remittitur as there was no evidence, or insufficient evidence, to "support such a finding."

The gist of the argument made, under the points, centers around the language of Tex.Code Crim.Pro.Ann. art. 22.16(a)(3) (Vernon 1989). This provides that after the judgment nisi forfeiture and before expiration of certain time limits that were prescribed to delay the entry of final judgment as set out in part (c), if the principal is released on new bail in the case, the trial court must remit the full amount of the bond after deducting certain costs and interest. This statute comports with the general rule of law that bail will be discharged where new bail is given for the future appearance of the accused on the same charge. 8 C.J.S. Bail § 127 (1988). The time delay limits set by the legislature were ruled an unconstitutional violation of the separation of powers doctrine. *Armadillo Bail Bonds v. State*, 802 S.W.2d 237 (Tex.Crim.App.1990). Article 22.16(a) is designed to apply before entry of the final judgment. The unconstitutionality of the mandated judgment delay would not render the entire statute unconstitutional. Tex. Code Crim.Pro.Ann. art. 54.01 (Vernon 1979) provides for a severability clause in the event that a portion of the legislative act is declared invalid. Such invalidity shall not affect other provisions which can be given effect without the invalid provision.

The judgment of the trial court is reversed and the case is remanded in order to ascertain the amount of the court costs and interest and remit the remainder to the surety.